*300 The opinion of the court was delivered by
Waticins, J.
The accused was indicted on the charge of murder, convicted of manslaughter and sentenced to ten years’ imprisonment at hard labor; and from the judgment and sentence has appealed. The causes assigned for relief are, that the judge erred: first, in overruling his motion to quash the bill of indictment; second, in disallow - ing certain testimony; and third, in refusing a new trial.
I.
The indictment charges “that one Polly Richmond * * unlawfully, wilfully, feloniously and of her malice aforethought, did kill and murder a female child whose name is to the said jurors unknownand the ground of objection is thatthe description of the deceased was insufficient. In counsel’s brief his contention is that “the deceased being a new-born babe, and the offspring of the accused, it was necessary that the indictment should have set out the name of its mother.”
The objection is not a good one. It was so decided in State vs. Bayonne, 23 An. 78, and that decision is in keeping with common law authorities. Wharton’s Grim. Pleas and Prac., Secs. 104, lil.
II-
The accused offered a physician as an expert witness, by whom to prove that puerperal mania, or insanity, was a common disease after child-birth, and o'ften took on the form of homicidal mania, and the trial judge disallowed the testimony, because no proper foundation had been laid, for its introduction. In support of his ruling he states that, while it was in proof that the accused occasionally had spasms, they were not' shown to have occurred at the time of the birth of the child, nor to have been referable to it. That, outside of the statement of the accused, there was no satisfactory proof that she was alone and unassisted at the birth of her child. We can not perceive any analogy between the evidence introduced and that which was offered and refused. In the absence of all proof tending to show any derangement of the mind of the accused at the time she gave birth to the child, or, indeed, even tending to show what was her condition at the time, or that she was alone and unattended, expert testimony, like the one in question', could serve no valuable purpose, and was inapplicable and inadmissible, and properly rejected. It was irrelevant.
*301 III.
The grounds assigned for a new trial are (1) that the jury separated after they had retired to their room to deliberate on their verdict, and in so doing were guilty of misconduct that vitiates their verdict, which was subsequently rendered, and (2) that the verdict rendered is null and void, because the jury, in the course of their de- . liberations, “ drew plans and maps of the situation of the residence of the defendant, and of the distance from her house to that of her nearest neighbor, whereas no such evidence was adduced on the trial,” and same was greatly to her prejudice.
a. The proof of a separation of the jury is that, on one occasion, some of the jurors slept in a room, and the others in an adjoining hall, notwithstanding the room was amply large to have accommodated all. That on another occasion two or three of the jurors were in a room of the building occupied by them, out of the presence of an officer, while the remainder of the jury were on the gallery, which fronted the street.
That separations will not vitiate a verdict unless it be of such a character that prejudice to the complaining party may be expected to have resulted therefrom, is a proposition well supported by authority. State vs. Vines, 34 An. 1073; State vs. Johnson, 30 An. 921; State vs. Fraque, 28 An. 657; State vs. Turner; 25 An. 573; State vs. Forney, 24 An. 191; State vs. Tucker, 10 An. 501.
• Such a separation as those described in the evidence are not such as would necessarily or reasonably have prejudiced the accused. There is no proof of the building having been occupied at the time by other persons-than the jury and sheriff with whom any member of their body could have come in contact. The judge entertained a proper appreciation of the evidence and held the separation insufficient to vitiate the verdict.
b. it has been repeatedly'decided that a juror is an incompetent witness by whom to impeach the verdict of a jury of which he was a member; and that a court must derive its information, in reference to the misconduct of a jury, from some source other than members of that body. 3 An. 435; 6 An. 652; 15 An. 557; 28 An. 657; State vs. Beatty, 30 An. 1266; State vs. Wallman, 31 An. 146; State vs. Nelson, 32 An. 842; State vs. Chretien, 35 An. 1031; State vs. Price, 37 An. 216; State vs. Bates, 38 An. 491; State vs. Bird, 38 An. 497. *302 This is the common law rule. Whar. Crim. Plead., Sec. 847; Whar. Crim. Ev., Sec. 510; Bishop Cr. Prac., Sec. 1270.
As it was upon evidence to be obtained from members of the jury alone that the defendants’ counsel relied, it was properly refused. The judge correctly overruled the motion for new trial.
Judgment affirmed.